**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 06-0823 DOC (RNBx)            Date: December 20, 2007

Title: TRIPLE NET PROPERTIES, LLC & NNN CAPITAL CORP. V. CORE REALTY HOLDINGS, LLC; AARON G. COOK; LAURIE LEVASSAR & MICHELLE MOORE

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                       Date:_____ Deputy Clerk: _____

PRESENT:

                     THE HONORABLE DAVID O. CARTER, JUDGE

    Kristee Hopkins                                Not Present
    Courtroom Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

    NONE PRESENT                          NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING SANCTIONS

        Before this Court is Plaintiffs Triple Net Properties, LLC and NNN Capital Corp.'s Motion for Sanctions (the "Motion") against Defendants CORE Realty Holdings, LLC ("CORE") and Aaron G. Cook ("Cook") (collectively "Defendants.")  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving, opposing, and replying papers, the Court hereby DENIES Plaintiffs' Motion.

**I.    BACKGROUND**

        Plaintiffs Triple Net Properties, LLC and NNN Capital Corp (collectively "Triple Net") are  sponsors in Tenant in Common offerings ("TIC offerings").  In these transactions, a sponsor locates property suitable for use as an investment vehicle, buys such property and then offers part ownership to investors in the form of tenancies in common.  Defendant CORE is also a sponsor for TIC offerings.  Defendant Cook worked for Triple Net from September 7, 2004, until April 20, 2006 when he left Triple Net for a new position at CORE.  Soon after, Defendants Levassar ("Levassar") and Michelle

Moore ("Moore"), who had worked under Cook at Triple Net, left Triple Net for CORE.

While he was employed at Triple Net, Cook used his personal laptop computer for business. Under disputed circumstances, Cook collected a substantial number of files on this computer that Triple Net claims are its trade secrets. On May 18, 2006, after Cook was employed with CORE, Triple Net sent CORE a cease-and-desist letter claiming that CORE and Cook were using Triple Net's confidential information and demanding that they stop.

Almost immediately after CORE received the cease-and-desist letter, Cook installed a software program called File.Warden on this personal laptop. File.Warden is an encryption program that overwrites data on a computer's hard-drive to prevent that data from being recovered. Cook used File.Warden on May 21-25 to overwrite and render unrecoverable numerous files on this personal computer, many of which apparently related to Triple Net. Cook also installed File.Warden on his CORE work computer, but it is not clear that he ever used the program on that computer.

Plaintiffs filed the present Motion claiming that this Court should sanction both Cook and CORE for intentionally spoiling evidence, to wit, the files on Cook's personal laptop that Cook destroyed with the File.Warden program.

## II.   DISCUSSION

The Court has two sources of power to issue discovery sanctions. First, Federal Rule of Civil Procedure provides for sanctions if, "a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery." Such sanctions include: directing the jury to find certain facts against the party failing to obey the order, dismissing an action, striking a claim or defense, etc.. Additionally, the court has the inherent power to issue sanctions in response to vexatious or abusive litigation practices. *See Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Whether to exercise the power to sanction, and how to do so, is left to the district courts' discretion. *See Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995) ("District courts enjoy much discretion in determining whether and how much sanctions are appropriate.") (citing *Frantz v. U.S. Powerlifting Federation*, 836 F.2d 1063, 1066 (7th Cir. 1968).

### A.   Aaron G. Cook

In its Order of January 22, 2007, this Court accepted a stipulation between Plaintiffs and the individual Defendants in this action – Cook, Levassar, and Moore – to submit any and all claims between them to arbitration. Pursuant to that Order, this Court stayed the proceeding between Plaintiffs and Cook. However, the Court retained jurisdiction to: a) provide injunctive relief as needed pending the outcome of the arbitration; b) to permit Plaintiffs and CORE to issue third party subpoenas in aid of discovery, and c) to enforce the Court's January 5, 2007 Order granting Plaintiffs' *Ex Parte* Application for Expedited discovery.

   Plaintiff claims that enforcement of the Court's January 5, 2007 Order should be read broadly to include issuing sanctions against Cook for conduct that took place in May, 2006. This reading is strained to the point of being unreasonable. While the Court does have the power to sanction pre-litigation misconduct, *see Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003), it declines to do so under the guise of enforcing a subsequently issued discovery order. Indeed, Plaintiffs seek sanctions under the Court's inherent power to sanction parties for "abusive litigation practices" rather than its power under Federal Rule of Civil Procedure 37 which provides for sanctions for failure to "obey an order to provide or permit discovery." *See Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (2006). Plaintiffs also admit that "no formal order from the Court was in place at the time of the deletion of the computer files." Motion 19:5-6. These facts demonstrate that in issuing sanctions the Court would be required to go far beyond enforcing it's January 5, 2007 discover Order.

   Given the parties' agreement to arbitrate, resolving this discovery dispute is the province of the arbitrator. If Cook's conduct warrants sanctions, the arbitrator has power to make a full record and recommend sanctions to this Court, to take Cook's conduct into account in deciding the case, to draw whatever inference it deems proper from Cook's conduct, etc. Indeed, it is clear that Plaintiffs have notified the arbitrator of the alleged misconduct on one or more occasions. Accordingly, Plaintiffs' Motion for Sanctions against Aaron G. Cook is DENIED.

  **B.** **CORE Realty Holdings, LLC**

   Plaintiff argues that CORE should be subject to sanctions based on a *respondeat superior* theory – i.e. that Cook's acts should be attributed to CORE. Although some precedent exists that might permit this Court to grant sanctions against an employer for its employee's actions – even those in opposition to company directives – the Court will not exercise its discretion in this fashion. *See e.g Zubulake*, *supra.*.

   The crux of Plaintiffs' motion is that Cook destroyed numerous files on his personal laptop. It does not appear that destroying files on his personal laptop was within the scope of Cook's employment at CORE: he erased files mainly on his personal computer late at night and on the weekend; his business was organizing TIC offerings, not IT or computer related work; and he erased the files largely for his own benefit, to avoid liability. In the cases cited by Plaintiff, the employees were generally acting in the course of their employment; in no case was there any suggestion that an employee aided him-or-herself individually in destroying evidence. *See e.g. Zabulake*, 220 F.R.D. at 218-19 (unnamed employees "lost" backup tapes despite attorney's directive to maintain the tapes); *Creative Science Systems, Inc. v. Forex Capital Markets, LLC*, 04-03746, 2006 WL 870793 (N.D. Cal. April. 4, 2006) (company improperly installs new operating system on computers and fails to preserve individual's notebook computer in violation of discovery order); *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543 (N.D. Cal. 1987) (employer destroys files).

   While Plaintiffs tout Cook's conduct as part of a "plot" with CORE to erase evidence

helpful to Plaintiffs, they have not persuaded this Court that such a plot existed. Instead, there is equally credible testimony that Cook went against an agreement he had with CORE to preserve evidence that might be necessary in litigation with Plaintiffs. Plaintiffs make no allegation that CORE has been anything but compliant with this Court's discovery order.

Finally, it is not entirely clear that Cook acted in bad faith. He deleted files on May 21-25, 2006, long before this suit was filed. Although he may have reasonably anticipated litigation following Triple Net's May 18, 2006 cease-and-desist letter, his conduct is also consistent with a person attempting to avoid litigation by complying with a demand to stop using trade secrets. In other words, it is entirely possible that Cook was afraid of prosecution after receiving the letter and so decided to rid his computer of any potential trade secrets to satisfy Triple Net. Without drawing a conclusion on this point, it suffices to point out that the Court cannot say with a great deal of certainty that Cook acted in bad faith.

Accordingly, it would appear unwarranted to impute vexatious or abusive conduct to CORE based on Cook's actions, where there is a real and substantial question as to whether Cook himself engaged in such conduct. Because this Court has declined to resolve these questions as to Cook, it would be disingenuous to assume that they will be resolved against Cook in order to sanction CORE.

Bearing these facts in mind, it would be inappropriate to issue discovery sanctions against CORE.

## III.   DISPOSITION

Plaintiff's Motion for Sanctions is hereby DENIED.

The Clerk shall serve this minute order on all parties to the action.